UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:         ERIKA BROOKE HARTON                    Case No. 12-36221-KRH
                                                      Chapter 13
                Debtor.
_____


LA BELLA DONA SKIN CARE, INC.,

                Plaintiff,

v.                                                    AP No. 13-03028-KRH

ERIKA BROOKE HARTON
A/K/A BROOKE MILLER,

                Defendant.
_____


## MEMORANDUM OPINION

Before the Court in this adversary proceeding is the Motion for Judgment on the Pleadings (the "Motion") filed by La Bella Dona Skin Care, Inc. (the "Plaintiff") under Rule 7012(c) of the Federal Rules of Bankruptcy Procedure. The Motion seeks a determination under count I of Plaintiff's First Amended Complaint (the "Complaint") that the judgment it obtained against the Debtor, Erika Brooke Harton (the "Defendant"), in the Circuit Court for Chesterfield County, Virginia (the "State Court") [1] is nondischargeable under 11 U.S.C. § 523(a)(4). Plaintiff contends that the pleadings

---

[1] Case No. CL-2011-3031.

alone in this adversary proceeding clearly demonstrate that there exists no material issue of fact in dispute that needs to be tried and that it is entitled to judgment on the pleadings as a matter of law.

Defendant filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 29, 2012, (the "Petition Date"). The Defendant's Chapter 13 plan was subsequently confirmed on February 22, 2013. A debt based upon "larceny" can be precluded from discharge in a case under Chapter 13 of the Bankruptcy Code. *See* 11 U.S.C. § 1328(a)(2).[2]

This adversary proceeding was timely commenced by Plaintiff on February 11, 2013, to obtain a determination that its claim against the Defendant was nondischargeable. After the Court denied Defendant's Motion to Dismiss, Defendant filed her Answer (the "Answer") to the Complaint on April 24, 2013.

Plaintiff obtained a judgment against Defendant in the State Court on September 28, 2012, for willful and malicious misappropriation of trade secrets under Virginia Code §§ 59.1-336 through 59.1-338.1[3] in the amount of $206,619.00 plus interest (the "State

---

[2] Section 1328 of the Bankruptcy Code provides generally that a debtor will receive a discharge of all debts provided for by the debtor's plan upon completion by the debtor of all plan payments. Excepted from discharge is any debt of the kind specified in paragraph 4 of section 523(a) of the Bankruptcy Code. *See* 11 U.S.C. § 523(a)(4). That section provides that a "discharge … does not discharge an individual debtor from any debt … for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny". *Id.*

[3] The statute defines misappropriation as the "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or . . . [d]isclosure or use of trade secret of another without express or implied consent by a person who . . . used improper means to acquire knowledge of the trade secret . . . ." *See* Va. Code § 59.1-336. "Improper means" is defined to include "theft, bribery, misrepresentation, use of a computer or computer network without authority, breach of a duty or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." *Id.*

2

Court Judgment").[4]  Plaintiff contends in its Motion that Defendant is collaterally estopped from re-litigating issues that were adjudicated in connection with the State Court Judgment.  Plaintiff argues that the State Court Judgment incorporates all the elements necessary for this Court to determine that the debt is nondischargeable.

A hearing on the Motion was conducted on September 4, 2013.  At the conclusion of the hearing, the Court asked for further briefing and took the matter under advisement.  This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.[5]  The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), and (O), in which final orders or judgments may be entered by a bankruptcy judge.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

A Rule 12(c) motion for judgment on the pleadings applies "the same standard as would apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wells Fargo Equipment Finance, Inc. v. State Farm Fire & Casualty Co.*, 494 Fed. App'x 394, 395 (4th Cir. 2012) (citing *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009); *Bruce v. Riddle*, 631 F.2d 272, 273-74 (4th Cir. 1980) (stating that

---

[4] The State Court Judgment included an award of $82,000 for compensatory damages, $15,000 for punitive damages and $109,119.00 in attorneys' fees.  On January 9, 2013, Plaintiff filed with the Court its Proof of Claim against the Debtor in the amount of $212,935.60. (Claim No. 5-1.)

[5] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

judgment will be granted if the nonmoving party proves no set of facts in support of a claim that entitles it to relief)).

"[A] motion for judgment on the pleadings is properly granted if the undisputed facts appearing in the pleadings, supplemented by any facts of which a court should take proper judicial notice, clearly entitle the moving party to judgment as a matter of law." *Peterman v. Whitcomb* (*In re Whitcomb*), 303 B.R. 806, 808 (Bankr. N.D. Ill. 2004) (citing *Nat'l Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (internal citations omitted)).[6] "A moving party must clearly establish that no material issue of fact exists and that judgment on the pleadings is warranted by law." *Peterman*, 303 B.R. at 808 (citing *Karaganis*, 811 F.2d at 358).[7]

The facts are not contested.[8] While Defendant was still employed by Plaintiff in its med-spa business, Defendant started her own competing salon. Plaintiff's business depended on repeat customers, and it relied on a salon software program. Defendant filed organizational papers for her new business with the Virginia State Corporation Commission on October 17, 2011. On the evening of October 21, 2011, after Plaintiff's business had closed for the day, Defendant entered Plaintiff's salon, accessed Plaintiff's computer in the reception area, and proceeded to print out Plaintiff's client appointment schedules for the remainder of October, all of November, and part of December 2011.

---

[6] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Bankr. P. 7010(c); *see also* Harlan v. Rosenberg & Assocs., LLC (*In re* Harlan), 402 B.R. 703, 714 (Bankr. W.D. Va. 2009) (internal citations omitted).

[7] Defendant attached an exhibit and affidavits to her opposition to Plaintiff's Rule 12(c) Motion. Defendant argues that Plaintiffs' Motion must, accordingly, be treated as a Rule 56 motion for summary judgment under Rule 7056 of the Federal Rules of Bankruptcy Procedure. Whether considered under Rule 7056 or Rule 7012(c), the burden remains with the moving party to show that it is entitled to judgment as a matter of law and that there are no genuine issues of material fact precluding judgment in its favor.

[8] Defendant admits in her Answer all of the facts set forth herein.

4

Defendant also looked up and copied the contact information for Plaintiff's clients. Using Plaintiff's client list, Defendant mailed over 2,000 postcards to the Plaintiff's customers. The announcements stated "We've Moved - same faces - new location." Thereafter, Defendant phoned or emailed Plaintiff's clients who had confirmed, upcoming appointments with Plaintiff. Many of Plaintiff's clients changed their existing appointments with Plaintiff in favor of Defendant's new, competing salon. The dollar value of those scheduled appointments exceeded $100,000.00. The State Court found that Defendant was clearly trying to get as many of Plaintiff's clients as she could.

The State Court found that the Defendant "did not rightfully access the client list." Defendant's use of a master password to obtain Plaintiff's client list after hours was unauthorized. The State Court found that the misappropriation occurred while the Defendant was still an employee of Plaintiff's salon. Defendant used the misappropriated client list to contact a large number of Plaintiff's clients. The State Court concluded from these facts, from the language of the mailed announcements and from the physical proximity of Defendant's new business to that of Plaintiff that the misappropriation was both willful and malicious.

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt resulting from embezzlement or larceny. 11 U.S.C. § 523(a)(4). The doctrine of collateral estoppel precludes the Defendant from relitigating the finding made by the State Court that the Defendant's misappropriation was willful and malicious. *Reed v. Owens* (*In re Owens*), 449 B.R. 239 (Bankr. E.D. Va. 2011) (citing *Prunty v. Terry* (*In re Paschall*), 408 B.R. 79, 87-88 (E.D. Va. 2009) (quoting *TransDulles Ctr., Inc. v. Sharma*,

252 Va. 20, 22-23 (Va. 1996)).[9] The issue presented for resolution here is whether the State Court's finding of willful and malicious misappropriation is sufficient to establish the elements for nondischargeability under § 523(a)(4) of the Bankruptcy Code.

Defendant argues it is not. Defendant points out that 11 U.S.C. § 1328(a)(2) does not incorporate 11 U.S.C. § 523(a)(6).[10] Defendant argues that "willful and malicious" torts are not excepted from discharge in Chapter 13 bankruptcy cases. Defendant further contends that the elements of larceny do not sufficiently correspond to those for misappropriation of trade secrets to apply the doctrine of collateral estoppel. As exceptions to discharge under 11 U.S.C. § 523 are to be construed narrowly, *see In re Shreve*, 386 B. R. 602, 605 (W.D. Va. 2008) (citing *In re Rountree*, 478 F.3d 215, 219 (4th Cir. 2007)), and as Plaintiff bears the burden of proving the nondischargeability of the debt, *id.,* Defendant maintains that Plaintiff's Motion must be denied.

The Court disagrees. Willful and malicious misappropriation falls within the scope of § 523(a)(4) of the Bankruptcy Code. Bankruptcy courts are not bound by the state law definition of larceny but may follow federal common law. *Johnson v. Davis* (*In re Davis*), 262 B.R. 663, 672 (Bankr. E.D. Va. 2001). Under federal common law, larceny is the felonious taking of another's personal property with the intent to convert it or deprive the owner of the same. *Rountrey v. Lee* (*In re Lee*), 90 B.R. 202, 208 (Bankr.

---

[9] "There are five elements needed to apply collateral estoppel . . . First, the issue litigated must have been essential to the prior judgment. Second, the prior action must have resulted in a valid and final judgment against the party sought to be precluded in the present action. Third, the parties or privies in both proceedings must be the same. Fourth, there must be mutuality between the parties. Finally, the factual issue litigated actually must have been litigated in the prior action." *In re Owens,* 449 B.R. at 249-50.

[10] Section 523(a)(6) of the Bankruptcy Code provides that a debt for willful and malicious injury by the debtor to another entity or to the property of another entity is excepted from discharge. 11. U.S.C § 523(a)(6). Defendant is correct that § 1328(a)(2) fails to incorporate this exception. *Compare* note 2 *supra.*

E.D. Va. 1988) (citing *Va. Comm'n of Game & Inland Fisheries v. Myers* (*In re Myers*), 52 B.R. 901, 905 (Bankr. E.D. Va. 1985); *Moore v. U.S.*, 160 U.S. 268 (1985)); *see also Brown v. Brown* (*In re Brown*), 331 B.R. 243, 249 (Bankr. W.D. Va. 2005); *Singh v. Sohail* (*In re Sohail*), No. 08-03059-KRH, 2009 Bankr. LEXIS 1911, at *20 (Bankr. E.D. Va. June 25, 2009) (citing *Johnson v. Davis* (*In re Davis*), 262 B.R. 663, 672 (Bankr. E.D. Va. 2001)); *McCall v. Poos* (*In re Poos*), 43 B.R. 180, 181 (Bankr. S.D. Ill. 1984).

The client list taken by Defendant was the property of another – it belonged to Plaintiff. While intangible, the list constituted personal property. That property was taken willfully and maliciously by Defendant on the evening of October 21, 2012. The willful and malicious use of the client list was intended by Defendant to deprive Plaintiff of its value. While Defendant's intentional tort shares all of the elements of the kind excepted from discharge under 11 U.S.C. § 523(a)(6), it contains one additional element that places the tort squarely within 11 U.S.C. § 523(a)(4). That additional element was Defendant's realization of the value of the property she took from Plaintiff for her own benefit. *See The Credit Experts, LLC v. Santos*, 2012 Bankr. LEXIS 3076, *19-20 (E.D. Va. 2012) (holding that a knowing theft satisfies the "fraudulent intent" element of larceny); *see also Saturn Systems, Inc. v. Militaire,* 2011 Bankr. LEXIS 3843 (D. Colo. 2011) (finding that a knowing misappropriation was larceny and nondischargeable under § 523(a)(4)); *Rowe Oil Co. v. McCoy* (*In re McCoy*), 189 B.R. 129, 135-36 (Bankr. N.D. Ohio 1995) (finding defendant liable under § 523(a)(4) for larceny as a result of a state court judgment for misappropriation of trade secrets under Ohio law.);[11] *cf. Clark v.*

---

[11] Ohio's misappropriation of trade secrets statute mirrors the Uniform Trade Secrets Act after which Virginia's statute for misappropriation of trade secrets is modeled.

*Taylor* (*In re Taylor*), 58 B.R. 849, 854 (Bankr. E.D. Va. 1986) (defining embezzlement as "the misappropriation of property by a person who comes into possession of the property lawfully or with the consent of the true owner").

The State Court's determination of a willful and malicious misappropriation of Plaintiff's client list by Defendant is sufficient to establish the elements essential to Defendant's liability for larceny in the context of 11 U.S.C. § 523(a)(4).[12] The factual issues surrounding Defendant's acts to procure the client list and her subsequent use of Plaintiff's client information were actually litigated in State Court. The judgment rendered by the State Court against Defendant precludes Defendant from re-litigating those issues before this Court. The Court holds that the State Court Judgment is nondischargeable under § 523(a)(4) of the Bankruptcy Code.

A separate order shall issue.

ENTERED: _____

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

---

[12] Defendant argues in its brief that "willful" does not equate to "knowing" and that a "knowing finding" necessary to Plaintiff's argument is absent from the State Court 's ruling. But even if Defendant's argument that such a finding is necessary is correct, it ignores both the definition of misappropriation found in Va. Code § 59.1-336 and the State Court's letter opinion holding "'willful' conduct occurs when a party … acts *knowing* that injury to the other party will probably follow." Owen-Corning Fiberglas Corp. v. Watson, 243 Va. 128 (1992).

Copies to:

**La Bella Dona Skin Care, Inc**.
c/o Spotts Fain PC
411 E. Franklin St.
Suite 600
Richmond, VA 23219

**James K. Donaldson**
Spotts Fain PC
411 East Franklin Street
Suite 600
Richmond, VA 23219

**Erika Brooke Harton**
10111 Tuxford Road
Richmond, VA 23236-4608

**Mark H. Schmidt**
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, VA 23221

**Carl M. Bates**
P. O. Box 1819
Richmond, VA 23218